*1050 ON Application foe Reheaeing.
Watkins, J.
This is an injunction suit to restrain defendant from removing certain machinery from the sugar house on a plantation plaintiffs purchased at sheriff’s sale in the foreclosure of a mortgage —the defendants having purchased the machinery under a separate appraisement and sale thereof, as creditors with a vendor’s lien.
The plaintiff traversed the allegations of the defendants’ opposition asserting a vendor’s lien, and denied its validity; and on the other hand the opponents insisted on their privilege and prayed for the dissolution of the injunction with damages.
The injunction was dissolved with four hundred dollars damages.
The defendants claim privilege by virtue of a conventional subro-gation ; but plaintiffs insist that the instrument which imports a conventional subrogation is ineffectual for the purpose because it was given after the debt for the machinery had been paid.
But the point was made, and our opinion sustains the claim, that the defendants were creditors of the debtor for the machinery at the time they paid the debt, and that, consequently, they became legally subrogated to the right of vendor’s lien under the principles announced in Ziegler vs. His Creditors, ante p. 187.
Our re-examination of the case has reassured us of the correctness of that proposition, as the evidence shows, indisputably, that defendants were merchants of Mrs. Vignerie, making advances and holding a large balance against her at the time they acquired the vendor’s lien debt against the machinery.
We think, this fact being established, legal subrogation results from the transaction; it is, therefore, of no consequence that the conventional subrogation was insufficient.
Rehearing refused.
Nicholls, C. J., absent; ill.